IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

RAYNER GONZALES, JR.,

   Petitioner,

v.                                            No. 24-cv-299 JMC/KK

EDDY COUNTY DETENTION CENTER,

   Respondent.

## MEMORANDUM OPINION AND ORDER

This matter is before the Court on Petitioner Rayner Gonzales, Jr.'s Petition for Writ of Habeas Corpus Under 28 U.S.C. § 2241 (Doc. 2) ("Petition"), filed April 2, 2024. Gonzales challenges his probation revocation imposed on January 5, 2024. (Doc. 2) at 1. Gonzales also filed a Motion and Affidavit for Leave to Proceed Pursuant to 28 U.S.C. § 1915 (Doc. 3) ("IFP Motion"). The Court finds the IFP Motion and Affidavit reflect that Gonzales lacks sufficient funds to pay the filing fee and will grant the IFP Motion. Having reviewed the matter *sua sponte* under Habeas Corpus Rule 4, the Court will require Gonzales to show cause why the Petition should not be dismissed without prejudice for failure to exhaust state remedies.

## BACKGROUND

The background facts are taken from the Petition and Gonzales' State criminal docket cited in the Petition, which is subject to judicial notice. *See* Case No. M-18-MR-2023-00020, Eddy County Magistrate Court in Artesia (spelling Petitioner's last name "Gonzalez"); *Mitchell v. Dowling,* 672 Fed. App'x 792, 794 (10th Cir. 2016) (Habeas courts may take "judicial notice of the state-court docket sheet."). On January 31, 2023, Gonzales pled no contest to the charge "Driving While License Revoked – DWI Related," in violation of Section 66-5-89.1, NMSA 1978.

*See* Guilty Plea or No Contest Plea Proceeding (1/31/2023), filed in Case No. M-18-MR-2023-00020.  The court sentenced Gonzales to 364 days imprisonment, with 1 day of credit for time served and 356 days suspended, leaving 7 days to serve, and 356 days of supervised probation.  *See* Judgment and Sentence (1/31/2023), filed in Case No. M-18-MR-2023-00020.

On April 14, 2023, the Magistrate Court entered an Order on Probation Violation, finding Gonzales violated his probation, revoking the probation, and imposing a new sentence of 291 days imprisonment, with 277 days suspended, leaving 14 days to serve, and 277 days supervised probation after his release.  *See* Order on Probation Violation (4/14/2023), filed in Case No. M-18-MR-2023-00020.  After Gonzales failed to check in for his supervised probation, the court issued a warrant for his arrest.  *See* Probation Violation Report and Warrant (5/31/2023), filed in Case No. M-18-MR-2023-00020.  Authorities arrested Gonzales on December 22, 2023.  *See* Warrant Return (12/22/2023), filed in Case No. M-18-MR-2023-00020.  After holding a Probation Violation Hearing, the Magistrate Court issued an Order on Probation Violation on January 5, 2024, finding Gonzales violated probation, revoking his probation, and imposing a new sentence of 243 days imprisonment, with 22 days of credit for time previously served in the Eddy County Detention Center, and credit for 99 days previously served on probation.  *See* Probation Violation Initial Hearing (12/27/2023) and Order on Probation Violation (1/5/2024), filed in Case No. M-18-MR-2023-00020.

Gonzales initiated the instant § 2241 proceeding on March 25, 2024.  *See* (Doc. 1).  He challenges the January 5, 2024 probation revocation, stating: "[I] do not think I should have had 1 y[ea]r sup[revised] probation for a DUI revoked lic[ense] that accrued over 30 y[ea]rs ago."  (Doc. 2) at 6.  He further states the court found he violated his probation "for missing one appointment/no

2

dirty UAs, which in turn absconded for 244 days." *Id.* Gonzales asks the Court to release him "from probation hold immediately" and reimburse him for lost wages. *Id.* at 7.

## DISCUSSION

The Petition is governed by Habeas Corpus Rule[1] 4 and 28 U.S.C. § 2241. "If it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief ... the judge must dismiss the petition." Habeas Corpus Rule 4. "If the petition is not dismissed, the judge must order the respondent to file an answer ... ." *Id.* As part of the initial review process, the Court may examine whether the petitioner exhausted state remedies. *See Montez v. McKinna*, 208 F.3d 862, 866 (10th Cir. 2000) ("A habeas petitioner is generally required to exhaust state remedies" before obtaining relief "under § 2241 ... ."); *United States v. Mitchell*, 518 F.3d 740, 746, n.8 (10th Cir. 2008) ("*Sua sponte* consideration of exhaustion of state remedies ... is explicitly permitted" where, as here, the failure to exhaust appears on the face of the petition.); *Woods v. Arellano*, 831 Fed. App'x 873 (10th Cir. 2010) (applying exhaustion requirement to probation revocation claim).

"The exhaustion requirement is satisfied if the federal issue has been properly presented to the highest state court, either by direct review of the conviction or in a postconviction attack." *Dever v. Kansas State Penitentiary*, 36 F.3d 1531, 1534 (10th Cir. 1994). In New Mexico, this means the petitioner must present each § 2241 claim to the New Mexico Supreme Court (NMSC). The Court can excuse the exhaustion requirement "only if there is no opportunity to obtain redress

---

[1] "Habeas Corpus Rule" refers to the Rules Governing Section 2254 Cases in the United States District Courts, effective February 1, 1997 and amended on December 1, 2019. The Court, in its discretion, applies those rules to the § 2241 Petition. *See* Habeas Corpus Rule 1(b) ("The district court may apply any or all of these rules to [other types of] habeas corpus petitions"); *Boutwell v. Keating*, 399 F.3d 1203, 1211 n. 2 (10th Cir. 2005) (citing Rule 1(b), and holding the district court acted within its discretion by applying § 2254 Rules to a § 2241 petition).

in state court or if the corrective process is so clearly deficient as to render futile any effort to obtain relief." *Duckworth v. Serrano*, 454 U.S. 1, 3 (1981).

The Petition and State docket clearly reflect Gonzales did not present his federal issues to the NMSC. When asked if he appealed the decision he is challenging, Gonzales marked "No" on the Petition. *See* (Doc. 2) at 2. The State Court docket confirms Gonzales did not file an appeal in Case No. M-18-MR-2023-00020. *See* https://researchnm.tylerhost.net/CourtRecordsSearch/. While Gonzales states in his Petition that he did not appeal because he is not educated in the law and did not know to appeal (Doc. 2 at 2), this explanation does not demonstrate that there was no opportunity to appeal or that doing so would be futile. Accordingly, it appears Gonzales has not satisfied the habeas exhaustion requirement. Within thirty (30) days of entry of this Order, Gonzales must show cause why his Petition should not be dismissed for failure to exhaust state remedies. Failure to timely respond will result in dismissal of this action without further notice.

**IT IS THEREFORE ORDERED** that Petitioner's Motion and Affidavit for Leave to Proceed Pursuant to 28 U.S.C. § 1915, (**Doc. 3**), is **GRANTED**.

**IT IS FURTHER ORDERED** that **within thirty (30) days** of entry of this Order, Gonzales must file a response showing cause, if any, why the § 2241 Petition should not be dismissed for failure to exhaust state remedies.

/s/ Joel M. Carson III
JOEL M. CARSON III
UNITED STATES CIRCUIT JUDGE
Sitting by Designation