IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

RAYNER GONZALES, JR.,

    Petitioner,

v.                                                                       No. 24-cv-299 JMC/KK

EDDY COUNTY DETENTION CENTER,

    Respondent.

## MEMORANDUM OPINION AND ORDER

Petitioner Rayner Gonzales, Jr. filed a Petition for a Writ of Habeas Corpus Under 28 U.S.C. § 2241 (Doc. 2) ("Petition"). Gonzales challenges the state court's revocation of his probation. (Doc. 2) at 1. The Court previously directed him to show cause why this § 2241 proceeding should not be dismissed for failure to exhaust state remedies. Gonzales failed to respond. Accordingly, the Court will dismiss the Petition without prejudice.

### BACKGROUND[1]

On January 31, 2023, Gonzales pled no contest to the charge "Driving While License Revoked – DWI Related," in violation of Section 66-5-89.1, NMSA 1978. *See* Guilty Plea or No Contest Plea Proceeding (1/31/2023), filed in Case No. M-18-MR-2023-00020. A state Magistrate Judge sentenced Gonzales to 364 days imprisonment, with 1 day of credit for time served and 356 days suspended, leaving 7 days to serve, and 356 days of supervised probation. *See* Judgment and Sentence (1/31/2023), filed in Case No. M-18-MR-2023-00020.

---

[1] The background facts are taken from the Petition and Gonzales' state court criminal docket, which is subject to judicial notice. *See* Case No. M-18-MR-2023-00020, Eddy County Magistrate Court in Artesia, New Mexico (spelling Petitioner's last name "Gonzalez"); *Mitchell v. Dowling,* 672 Fed. App'x 792, 794 (10th Cir. 2016) (Habeas courts may take "judicial notice of the state-court docket sheet.").

On April 14, 2023, the Magistrate Court entered an Order on Probation Violation, finding Gonzales violated his probation, revoking the probation, and imposing a new sentence of 291 days imprisonment, with 277 days suspended, leaving 14 days to serve, and 277 days supervised probation after his release. *See* Order on Probation Violation (4/14/2023), filed in Case No. M-18-MR-2023-00020. After Gonzales failed to check in for his supervised probation, the Magistrate Court issued a warrant for his arrest. *See* Probation Violation Report and Warrant (5/31/2023), filed in Case No. M-18-MR-2023-00020. Authorities arrested Gonzales on December 22, 2023. *See* Warrant Return (12/22/2023), filed in Case No. M-18-MR-2023-00020. The Magistrate Judge held a Probation Violation Hearing, after which it issued an Order on Probation Violation on January 5, 2024. The Magistrate Judge found Gonzales violated probation, revoked his probation, and imposed a new sentence of 243 days imprisonment, with 22 days of credit for time previously served in the Eddy County Detention Center, and credit for 99 days previously served on probation. *See* Probation Violation Initial Hearing (12/27/2023) and Order on Probation Violation (1/5/2024), filed in Case No. M-18-MR-2023-00020.

Gonzales initiated this § 2241 proceeding on March 25, 2024. *See* (Doc. 1). He challenges the January 5, 2024, probation revocation, stating: "[I] do not think I should have had 1 y[ea]r sup[ervised] probation for a DUI revoked lic[ense] that accrued over 30 y[ea]rs ago." (Doc. 2) at 6. He further states the Magistrate Court found he violated his probation "for missing one appointment/no dirty UAs, which in turn absconded for 244 days." *Id.* Gonzales seeks a release "from probation hold" and reimbursement for lost wages. *Id.* at 7.

By a Memorandum Opinion and Order entered January 31, 2025, the Court screened the Petition *sua sponte* under Habeas Corpus Rule 4. (Doc. 5); *see Boutwell v. Keating*, 399 F.3d 1203, 1211 n. 2 (10th Cir. 2005) (district courts may apply § 2254 habeas screening rules to a

2

§ 2241 petition); *United States v. Mitchell,* 518 F.3d 740, 746 (10th Cir. 2008) ("[A]ffirmative defenses unique to the habeas context such as exhaustion of state remedies … may be raised by a court *sua sponte*"). The Court observed that from the state court docket, it appeared Gonzales failed to exhaust state remedies before seeking federal relief. (Doc. 5) at 4. "A habeas petitioner is generally required to exhaust [available] remedies" before obtaining relief "under § 2241." *Montez v. McKinna*, 208 F.3d 862, 866 (10th Cir. 2000). The Court can excuse the exhaustion requirement "only if there is no opportunity to obtain redress in state court or if the corrective process is so clearly deficient as to render futile any effort to obtain relief." *Duckworth v. Serrano*, 454 U.S. 1, 3 (1981). The Petition and the state court docket confirm that Gonzales did not present the issues raised in the Petition to the New Mexico Supreme Court. While Gonzales states in his Petition that he did not appeal because he is not educated in the law and did not know to appeal (Doc. 2 at 2), this explanation does not demonstrate that there was no opportunity to appeal or that doing so would be futile. Accordingly, the Court ordered Gonzales to show cause in writing why the Petition should not be dismissed for failure to exhaust. (Doc. 5) at 4. The Court warned Gonzales that failure to timely respond would result in dismissal of this action without further notice. *Id.*

The show-cause deadline was March 3, 2025. Gonzales did not comply or otherwise respond to the Order. Because Gonzales failed to respond, there is no basis to excuse the exhaustion requirement in this case. The Court therefore dismisses this proceeding without prejudice to refiling after Gonzales presents his habeas claims to the New Mexico Supreme Court. The Court also denies a certificate of appealability (COA) under Habeas Corpus Rule 11, as this ruling is not reasonably debatable. *See* 28 U.S.C. § 2253(c)(2) (COA may only issue where

reasonable jurists would debate the outcome of the habeas case); *Slack v. McDaniel*, 529 U.S. 473, 484 (2000) (same).

**IT IS THEREFORE ORDERED** that Petitioner Rayner Gonzales, Jr.'s Petition for a Writ of Habeas Corpus Under 28 U.S.C. § 2241 (Doc. 2) is **DISMISSED without prejudice**; a certificate of appealability is **DENIED**; and the Court will enter a separate judgment closing the civil habeas case.

**SO ORDERED**.

/s/ Joel M. Carson III
JOEL M. CARSON III
UNITED STATES CIRCUIT JUDGE
Sitting by Designation